

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

CRIMINAL APPEALS AND
FEDERAL HABEAS CORPUS BUREAU

April 9, 2024

**<u>BY ECF</u>**
Hon. Lawrence J. Vilardo
United States District Judge
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

<div style="margin-left:2em">

Re:  *Laura Rideout v. Amy Lamanna*
1:22-CV-00969 (LJV)

</div>

Your Honor:

I respectfully write this letter to request permission to file under seal the transcripts and the state court record in the above-referenced habeas corpus matter. Respondent is not seeking to seal the memorandum of law in response to the petitioner, or the published decisions of New York State Supreme Court, the Appellate Division, and the New York Court of Appeals.

Petitioner was tried jointly with three co-defendants for second-degree murder, tampering with physical evidence, and second-degree burglary. After a trial that lasted more than a month, petitioner, and her two sons—Alex Rideout and Colin Rideout—were convicted of certain offenses, while the fourth co-defendant was acquitted of all charges. Because of this acquittal, the Monroe County Supreme Court sealed the trial records pursuant to C.P.L. § 160.50. Enclosed please find a copy of the cover page attached to the sealed trial records our office received from the Monroe County District Attorney. C.P.L. § 160.50 requires records of criminal actions to be sealed upon termination of a criminal in favor of the accused. The New York Court of Appeals has recognized that the purpose of this statute is to "protect accused individuals from the unauthorized use of their records." *Green v. Montgomery*, 95 N.Y.2d 693, 701 (2001). *See also*

28 LIBERTY STREET, NEW YORK, NY 10005-1400 • PHONE (212) 416-6086 • FAX (212) 416-8010 *NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

*Lino v. City of New York*, 101 A.D.3d 552, 556 (1st Dep't 2012) ("C.P.L. § 160.50 was enacted to ensure protection for exonerated individuals that is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.")

Respondent has been ordered by this Court to answer the petition and file all relevant records related to petitioner's conviction. In light of the state court's sealing order, the unpublished documents that comprise the state court record in this case are not available for public inspection. In light of respondent's obligation to abide by the state court's sealing order and to maintain the privacy of the exonerated, respondent requests that this Court grant respondent permission to file the state court record under seal. Respondent, however, intends to file on the public docket the memorandum of law in response to the petition, and the published decisions of the New York State Supreme Court, Appellate Division and the New York Court of Appeals.

While there is a presumption of public access to Court documents, the presumption may be overcome by a substantial showing that countervailing interests require access restrictions. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The weight of the rebuttable presumption depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 119. Here, the presumption of public access to the state court record and transcripts is outweighed by compelling protection for the exonerated and comity interests in restricted access. This is particularly so where, as here, the confidentiality laws in question pose no impediment to the full and fair adjudication of the petitioner's habeas claims. Finally, it is not practicable to redact identifying information from the transcripts and state court filings, which exceed 5,000 pages and identify the exonerated throughout.

Accordingly, respondent requests permission to file under seal the transcript and the state court record, except for the published decisions of the New York State Supreme Court, the Appellate Division, and the New York Court of Appeals. I have not contacted *pro se* petitioner about the sealing motion, and she is incarcerated.

Respectfully submitted,

/s/ Jalina J. Hudson
Jalina J. Hudson
Assistant Attorney General

2

28 Liberty St., 14th Floor
New York, NY 10005
Jalina.Hudson@ag.ny.gov
(212) 416-8802

cc:    Ms. Laura Rideout
       17-G-0931
       Bedford Hills Correctional Facility
       247 Harris Road
       Bedford Hills, NY 10507-2400

STATE OF NEW YORK

COUNTY OF MONROE

SUPREME COURT

CRIMINAL TERM

---

**PEOPLE OF THE STATE OF NEW YORK**

-VS-

INDICT. #2016-1109A

**ALEXANDER RIDEOUT,**

Defendant.

---

Hall of Justice
Rochester, NY 14614

Pursuant to CPL 160.50, the information contained

herein is confidential.  Therefore, this entire record is

**SEALED** and may not be released without a court order.

$BOX 1598$

**SEALED**

**ORIGINAL FILE COPY**                **VOLUME I**