UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAURA RIDEOUT,

        Petitioner,

v.

AMY LAMANNA,

        Respondent.

22-CV-969-LJV
DECISION & ORDER

The *pro se* petitioner, Laura Rideout, is a prisoner at the Bedford Hills Correctional Facility who has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. Rideout claims that she was convicted in New York State Supreme Court, Monroe County, in violation of her constitutional rights. *Id.*

The respondent, Amy Lamanna, has moved to seal the state court record and transcripts that she filed with her answer. Docket Item 14. For the reasons that follow, the Court grants that motion.

## **LEGAL PRINCIPLES**

Under both the Constitution as well as the common law, there is a presumption of public access to judicial documents. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Such documents may be sealed only "if a sufficiently compelling countervailing interest is demonstrated," *United States v. King*, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (citing *Lugosch*, 435 F.3d at 120)

(common law standard), and "if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986)) (First Amendment standard).

## DISCUSSION

Rideout "was tried jointly with three co-defendants for second-degree murder, tampering with physical evidence, and second-degree burglary"; she and two of her codefendants were convicted on some counts while the fourth was "acquitted of all charges." Docket Item 14 at 1; *see* Docket Item 1. Due to that acquittal, the New York State Supreme Court, Monroe County, sealed the trial records under N.Y. C.P.L. § 160.50. Docket Item 14 at 1, 4. That provision states that "upon the termination of a criminal action or proceeding against a person in favor of [that] person, . . . the record of such action or proceeding shall be sealed." N.Y. Crim. Proc. Law § 160.50.

The Court assumes without deciding that the records at issue are "judicial documents" to which a common law and First Amendment "presumption of access attaches." *See Lugosch*, 435 F.3d at 121; *Bernstein*, 814 F.3d at 141. Indeed, Lamanna acknowledges that "there is a presumption of public access to [c]ourt documents": but she also says that "[h]ere, the presumption of public access to the state court record and transcripts is outweighed" by the interests of the exonerated and by "comity interests." Docket Item 14 at 2. Further, she notes that redaction is not a practical option because the "state court filings [and transcripts]. . . exceed 5,000 pages and identify the exonerated throughout." *Id.* And she says that sealing would "[p]ose no impediment to the full and fair adjudication of [Rideout's] habeas claims." *Id.*

2

The Court agrees with Lamanna.  First, it finds that the strong privacy interests of the exonerated outweigh any public interest in or right to disclosure.  *See Monahan v. City of New York*, 2022 WL 993571, at *2 (S.D.N.Y. Mar. 30, 2022) (granting plaintiffs' motion to seal their arrest records, which had been "automatically sealed under section 160.50" because "[the] plaintiffs' privacy interest in their arrest records outweigh[ed] the presumption of public access").  Indeed, the exonerated individual named in the records is not a party to this habeas action, and the Second Circuit has noted that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."  *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (alteration in original) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  This Court's conclusion is further strengthened by the fact that the documents were sealed under a state statute.  *See Berlin v. Airways*, 2020 WL 3868707, at *2 (E.D.N.Y. July 9, 2020) (granting defendants' motion to seal state criminal records that had been sealed under section 160.50 because "they [we]re confidential records under New York [S]tate law").  And the Court further agrees that in light of the volume of the records—and the fact that all of the co-defendants' names appear throughout them—redaction is not practical.

## **CONCLUSION**

Lamanna's motion to seal, Docket Item 14, therefore is GRANTED. The state court record and transcripts shall be filed under seal.


SO ORDERED.

Dated: October 1, 2024
        Buffalo, New York


                                */s/ Lawrence J. Vilardo*
                                LAWRENCE J. VILARDO
                                UNITED STATES DISTRICT JUDGE